IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY BELTON | § | PLAINTIFF |
| | § | |
| V. | § | 1:05CV659LG-RHW |
| | § | |
| DR. RICHARD A. BUCCI | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO ABSTAIN PURSUANT TO THE *COLORADO RIVER* DOCTRINE**

BEFORE THIS COURT is the Motion of the Defendant, Dr. Richard A. Bucci, to Dismiss [5], filed February 15, 2006, pursuant to FED. R. CIV. P. 12(b)(6). The Defendant contends that this Court should abstain from exercising jurisdiction because the Plaintiff filed a similar lawsuit in state court in Louisiana. For the reasons set forth below, the motion should be denied.

**FACTS AND PROCEDURAL HISTORY**

On December 1, 2005, the Plaintiff, Jeffrey Belton, filed a complaint against Ann R. Baehr, Troy G. Broussard, Troy G. Broussard, J.D., a Professional Law Corporation, and Dr. Richard Bucci, in the 24th Judicial District Court in Jefferson Parish, Louisiana. On December 7, 2005, Belton filed a complaint against Dr. Richard Bucci in this Court in which he alleged the same negligence claim against Bucci as he did in the complaint filed in Louisiana. Bucci filed this motion to dismiss on February 15, 2006, seeking a dismissal based upon abstention. According to Bucci, the "Court may abstain when the cause of action before this Court duplicates litigation filed prior to, but nearly simultaneously, with litigation in a state court." (Def.'s Br. in Supp. of Mot. to Dismiss, p. 2, filed Feb. 15, 2006.) Belton opposes the motion, arguing that abstention is not appropriate in this case.

**DISCUSSION**

S<small>TANDARD OF</small> R<small>EVIEW</small>:

Bucci filed this motion as a motion to dismiss pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6). A 12(b)(6) motion, however, is not an appropriate means for seeking a dismissal based upon abstention. *DVI Business Credit Corp. v. Crowder*, 193 F.Supp.2d 1002, 1006 n.3 (S.D. Tex. 2002). In addition, a dismissal is not appropriate in this case because Belton seeks damages. *Crowder*, 193 F.Supp.2d at 1006 n.3, *citing Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 1728, 135 L.Ed.2d 1 (1996). In a case in which the plaintiff seeks damages, the Court may stay the case based upon abstention, but the Court may not dismiss the case. *Quackenbush*, 517 U.S. at 730, 116 S.Ct. at 1728. For these reasons, the Court construes Bucci's motion as a Motion to Abstain Pursuant to the *Colorado River* Doctrine.

A<small>BSTENTION UNDER THE</small> C<small>OLORADO</small> R<small>IVER</small> D<small>OCTRINE</small>:

This Court may stay a case under the *Colorado River* Doctrine if "the state and federal proceedings are parallel–i.e., where the two suits involve the same parties and the same issues." *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). "Under *Colorado River*, a district court may abstain from a case only under 'exceptional circumstances.'" *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006), *citing Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (describing abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it"). In addition, in a case in which the plaintiff seeks damages, "the district court's discretion to stay is 'narrowly circumscribed' by its obligation to hear cases within its jurisdiction." *Anco Insulations*, 408

F.3d at 251. "In deciding whether 'exceptional circumstances' exist, the Supreme Court identified six relevant factors: 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Stewart*, 438 F.3d at 491-92, *citing Kelly Inv., Inc. v. Continental Common Corp.,* 315 F.3d 494, 497 (5th Cir.2002); *Wilton v. Seven Falls Co.,* 515 U.S. 277, 285- 86, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

This case is not parallel to the state court action because the parties are not the same. Three defendants named in the state court action are not named in this action. Only Bucci is named as a defendant in this case. For this reason, the cases are not parallel, and the Court may not abstain from exercising jurisdiction. *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002). Even if the cases were parallel, Bucci cannot show that exceptional circumstances exist that would justify abstaining from exercising jurisdiction. Only one of the six factors favors staying the litigation: the relative inconvenience of the forums. The relative inconvenience of the forums weighs in favor of abstention because all of the parties in the state court action, except Bucci, reside in Orleans or Jefferson Parish, Louisiana. Although Bucci is the party seeking to stay this case pending resolution of the case in Louisiana, he is the only party that lives in this district. Nevertheless, because Bucci has failed to show that these cases are parallel and that exceptional circumstances exist in this case, his motion to abstain must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion to Abstain

Pursuant to the *Colorado River* Doctrine [5] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 17th day of July, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
